**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEREK MARTINEZ, | No. 15-16082 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-02273-JKS |
| v. | |
| SHAWN HATTON, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Submitted May 14, 2018[**]
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concluded that this case was suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

Derek Martinez appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Based on new evidence, Martinez claims he is actually innocent. In addition, he claims the prosecutor violated his due process rights by introducing at trial the allegedly false testimony of Helena Martinez. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

"[W]e review *de novo* the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). "Because [Martinez] filed his federal habeas petition after April 24, 1996, his petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2254." *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). Under AEDPA, we "must deny habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" *id.* at 993–94 (quoting 28 U.S.C. § 2254(d)(1)), or if the state court decision "was based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2).

1.      Whether there is a "federal constitutional right to be released upon proof of 'actual innocence'" is "an open question." *Dist. Attorney's Office for Third Judicial*

*Dist. v. Osborne*, 557 U.S. 52, 71 (2009). "[O]ur cases suggest that relief would be available, if at all, only in very narrow circumstances. [The petitioner] must 'go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" *Gimenez v. Ochoa*, 821 F.3d 1136, 1145 (9th Cir.), cert. denied, 137 S. Ct. 503 (2016), (quoting *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc)).

Even assuming a valid claim of actual innocence would entitle Martinez to habeas relief, Martinez did not meet his burden of showing he was probably innocent. (1) It was reasonable for the state court to conclude that Helena did not actually recant her trial testimony. Rather than recanting, Helena claims that the prosecutor and victim advocate manipulated her testimony by preying upon her fragile mental state. (2) It was reasonable for the state court to conclude that Helena's mother's statement (regarding Helena's mental state) does not evidence Martinez's probable innocence, because the statement merely duplicates Helena's declaration. (3) It was reasonable to conclude that Eric Voet's and Taskeen Tyler's statements were unreliable. Voet does not explain why he waited until 2010 to come forward to provide an alibi for Martinez. Similarly, it is doubtful that Tyler would be able to recall conversations he had with Martinez's co-defendant,

Michael Johnson, seven years after they occurred and yet be unable to recognize Johnson at the time of trial.

2.     It was reasonable for the state court to deny Martinez's prosecutorial misconduct claim. To prevail on his claim, Martinez was required to show that "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003). First, Martinez has not shown that Helena's testimony was actually false; Helena has not actually recanted her supposedly false testimony. Second, Martinez has produced no evidence that the prosecution knew or should have known that Helena's testimony was false.

**AFFIRMED.**